Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3639 | **DATE** | 2/14/2002 |
| **CASE TITLE** | GEORGIA PAULOS-JOHNSON, et al. vs. ADVOCATE TRINITY HOSPITAL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Advocate Trinity Hospital's motion for summary judgment against Victoria Flores [19-1] is granted. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | FEB 15 2002 | |
| | Notified counsel by telephone. | | date docketed | 28 |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | 2/14/2002 | |
| | Copy to judge/magistrate judge. | CLERK | date mailed notice | |
| CB | courtroom deputy's initials | 02 FEB 14 PM 4:36 Date/time received in central Clerk's Office | CB mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGIA PAULOS-JOHNSON, et al. ) | |
| ) | |
| Plaintiffs, ) | No. 01 C 3639 |
| ) | |
| v. ) | Suzanne B. Conlon, Judge |
| ) | |
| ADVOCATE TRINITY HOSPITAL ) | |
| ) | |
| Defendant. ) | |
| ) | |

DOCKETED FEB 15 2002

## MEMORANDUM OPINION AND ORDER

Georgia Paulos-Johnson ("Paulos-Johnson"), Elenor Rodriguez ("Rodriguez") and Victoria Flores ("Flores") sue Advocate Trinity Hospital ("Advocate") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. Specifically, Paulos-Johnson claims race discrimination, Rodriguez claims retaliation and Flores claims race and national origin discrimination and retaliation. Advocate's earlier motion for summary judgment on Paulos-Johnson's race discrimination claim and Rodriguez's retaliation claim was granted. Advocate now moves for summary judgment pursuant to Federal Rule of Civil Procedure 56 on Flores' claims of discrimination and retaliation.

### BACKGROUND

**I.    Local Rule 56.1**

Local Rule 56.1 requires litigants to follow a detailed procedure in filing and responding to summary judgment motions. Local Rule 56.1 requires both the moving and non-moving parties to submit a statement of material facts, including, "specific references to the affidavits, parts of the

1



record, and other supporting materials relied upon." Local Rule 56.1(a)(3); Local Rule 56.1(b)(3)(B). Evidence submitted at summary judgment must be admissible at trial under the Federal Rules of Evidence. *Woods v. City of Chicago*, 234 F.3d 979, 988 (7th Cir. 2000).

Paragraphs 13-18, 21, 24, 29-34, 36 and 41 of Flores' statement of facts are premised, in whole or in part, on testimony based on inadmissible hearsay rather than personal knowledge. To the extent Flores offers the testimony to prove the truth of the matter asserted in each paragraph, the testimony is inadmissible hearsay and cannot be considered on summary judgment. *See Eisenstadt v. Centel Corp.*, 113 F.3d 738, 741 (7th Cir. 1997)(hearsay evidence is inadmissible on summary judgment).

However, Flores may offer her testimony in paragraphs 15-18, 21, 31, 34, 36 and 41 to establish notice to Advocate of comparative performance problems. Nevertheless, Flores' conclusion that Advocate failed to take corrective action in response to the notice must be disregarded absent a showing of personal knowledge. *See Abioye v. Sunstrand Corp.*, 164 F.3d 364, 367 (7th Cir. 1998)(court may disregard conclusory statements regarding comparatives where personal knowledge has not been established).

The court also must disregard all facts not properly supported by the record evidence. *Brasic v. Heinemann's Inc.*, 121 F.3d 281, 284 (7th Cir. 1997). Flores fails to cite record evidence supporting paragraphs 10 and 11 of her statement of facts. Therefore, these paragraphs will be disregarded.

In response to a motion for summary judgment, Local Rule 56.1 requires the non-moving party to submit a response "to each numbered paragraph in the moving party's statement [of material facts], including, in the case of any disagreement, specific references to the affidavits, parts of the

2

record, and other supporting materials relied upon." Local Rule 56.1(b)(3)(A). All relevant facts denied without supporting documentation must be accepted as true provided the facts are "properly supported by references to the record or other evidentiary material." *Jupiter Aluminum Corp. v. Home Ins. Co.*, 225 F.3d 868, 871 (7th Cir. 2000); *Stewart v. McGinnis*, 5 F.3d 1031, 1034 (7th Cir. 1993).

Flores' responses to paragraphs 11 and 13 of defendant's statement of facts fail, in whole or in part, to cite to record evidence supporting her denials. Advocate's factual statements, if properly supported, are deemed admitted to the extent that Flores' denials fail to comply with Local Rule 56.1.

## II. Facts

All facts are undisputed unless otherwise noted. On June 24, 1991, Advocate hired Flores (Hispanic and Native American) to work the night shift as a registered nurse in the Women's and Children's Services Department. During 2000, Flores and Paulos-Johnson were the only two non-African-Americans who worked the night shift in that department.

On January 7, 2000, Flores received a written warning from manager Rhonda Phillips (African-American) for excessive absenteeism and tardiness. Flores admits that she was absent and tardy on the dates cited in the warning. Phillips informed Flores that any future violations would result in additional disciplinary action, up to and including termination.

On March 7, 2000, Flores received a second written warning from director Sharon Perry (African-American) for excessive tardiness. Flores admits that she was tardy on the dates cited in the warning. Perry informed Flores that any future violations would result in additional disciplinary action, up to and including termination.

On July 7, 2000, Flores received a third written warning from Perry for excessive tardiness. Flores admits that she was tardy on the dates cited in the warning. Perry once again informed Flores that any future violations would result in additional disciplinary action, up to and including termination.

On October 17, 2000, Flores began her scheduled shift at 7:00 p.m. Flores assumed the charge nurse responsibilities for a co-worker who was running late. A charge nurse is "responsible for the functioning on the unit, the patient's safety . . . ensuring that everything is carried out properly and that patient care is given in a timely fashion and appropriately." When the co-worker arrived, Flores agreed to finish the shift as the charge nurse.

During the shift, Flores did not feel well. With an hour left on her shift, Flores went to a co-worker's cubicle in the dictation area and "leaned her head against her arm against the wall." Flores jumped when the co-worker startled her by saying "excuse me" in a loud voice.

On October 23, 2000, Flores met with Perry and human resources manager Toni Johnson (African-American). At the meeting, Perry informed Flores she had received information that Flores was sleeping during her shift. Flores claims that she "dozed off momentarily, but was not fully asleep." Perry terminated Flores' employment for sleeping after reviewing her previous disciplinary history.

## DISCUSSION

### I. Standard of Review

Summary judgment is appropriate when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *King v. National Human Resource*

4

*Committee, Inc.*, 218 F.3d 719, 723 (7th Cir. 2000). Once a moving party has met its burden, the non-moving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The summary judgment standard is applied with special scrutiny to employment discrimination cases because the outcome may depend on determinations of credibility and intent. *Michas v. Health Cost Controls of Illinois*, 209 F.3d 687, 692 (7th Cir. 2000).

## II.  Flores' Race and National Origin Claims

Title VII prohibits an employer from discharging or otherwise discriminating against an employee in the terms, conditions or privileges of employment based on the employee's race or national origin. 42 U.S.C. § 2000e-2(a). In order to prove a case of discrimination under Title VII, Flores must offer either direct or indirect evidence of discrimination. *See Pafford v. Herman*, 148 F.3d 658, 665 (7th Cir. 1998). Flores does not offer any direct evidence that Advocate terminated her employment because of her race or national origin. Instead, she relies on the burden-shifting method set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to establish her claims of race and national origin discrimination.

In order to establish a *prima facie* case of race or national origin discrimination, Flores must show: (1) she belongs to a protected class; (2) she met her employer's legitimate performance

5

expectations; (3) she suffered an adverse employment action; and (4) the employer treated similarly situated employees outside the class more favorably. *Foster v. Arthur Andersen, LLP*, 168 F.3d 1029, 1035 (7th Cir. 1999). Advocate argues that Flores cannot establish a *prima facie* case of race or national origin discrimination. Although Advocate concedes that Flores can prove the first and third elements of a *prima facie* case, Advocate claims summary judgment is appropriate because Flores cannot establish the second or fourth elements of a *prima facie* case of discrimination.

Advocate first contends that Flores did not meet its legitimate performance expectations because she accumulated three violations under the progressive discipline policy before Advocate terminated her for sleeping on the job. During 2000, Advocate issued Flores three written warnings for excessive absenteeism and tardiness. Advocate warned Flores each time that any future violations would result in additional disciplinary action, including possible termination. Thereafter, Flores "dozed off momentarily" while working as the charge nurse on the night shift. Flores admits that sleeping on the job is serious enough to justify termination, but claims "dozing" is different than "sleeping." A reasonable jury would not agree. *See Webster's II New Riverside University Dictionary* 402 (1984)("doze" means "to sleep lightly").

In any event, Flores fails to establish that Advocate treated similarly situated employees outside of her protected class more favorably. Although Flores claims that other employees committed similar infractions, but were not reprimanded, she fails to demonstrate that Advocate did not take corrective action against these employees. Without this necessary link, she cannot establish that Advocate treated similarly situated employees more favorably.

Finally, Flores has not presented any evidence that Advocate's decision rested upon a legally forbidden ground. *See Carson v. Bethlehem Steel Corp.*, 82 F.3d 157, 158-59 (7th Cir. 1996).

6

Although Flores claims that Advocate engaged in a pattern and practice of discrimination by terminating the only two non-African-Americans working the night shift in the Women's and Children's Services Department, this evidence, without more, is insufficient to raise an inference of discrimination. *See Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 616-17 (7th Cir. 2000)(statistics standing alone cannot prove causation). Indeed, Flores' statistical evidence relating to two employees on one shift in one department falls far short of establishing a pattern and practice of discrimination. *See International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 336 (1977)(pattern and practice established with evidence showing that discrimination was the company's standard operating procedure rather than the unusual practice"). Without any evidence that Advocate's decision to terminate her was based on her race or national origin, Flores' discrimination claims fail as a matter of law.

### III. Flores' Retaliation Claim

Title VII prohibits employers from retaliating against employees who oppose unlawful employment practices covered by Title VII. 42 U.S.C. § 2000e-3(a). In order to prevail on a claim of retaliation under Title VII, Flores must offer either direct or indirect evidence of retaliation. *See Smart v. Ball State University*, 89 F.3d 437, 439 (7th Cir. 1996). Flores once again relies on the burden-shifting method set forth in *McDonnell Douglas* to establish her retaliation claim.

To establish a *prima facie* case of retaliation, Flores must show: (1) she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) a causal connection exists between the protected expression and the adverse action. *Worth v. Tyler*, 276 F.3d 249, 265 (7th Cir. 2001). Advocate contends that Flores cannot establish a causal connection

7

between any protected activity and her termination. As part of its argument, Advocate claims that Flores' complaints are not protected by Title VII.

During her employment, Flores lodged numerous complaints about a variety of subjects, but never suggested to Advocate that she was treated differently because of her race or her national origin. Indeed, Flores' only complaints about possible discrimination during her employment dealt exclusively with the treatment of Hispanic patients by her co-workers. However, such conduct is not protected by Title VII. *See Hamner v. St. Vincent Hospital and Health Care Center, Inc.*, 224 F.3d 701, 707 (7th Cir. 2000), *citing Wimmer v. Suffolk County Police Dept.*, 176 F.3d 125, 135 (2d Cir. 1999). Without evidence that she notified Advocate during her employment of any possible discrimination covered by Title VII, Flores cannot establish that she engaged in protected activity. *See Driver v. Arbor Management, Inc.*, No. 00 C 3933, 2001 WL 1183291, at *1 (N.D. Ill. Oct. 5, 2001)("By definition, the complaints at issue are not statutorily protected expression–for that purpose the expression must at least suggest to the employer (if not state outright) that the employee reasonably believes that she is being treated in a discriminatory manner because of her race or other protected classification").

Flores also claims that she complained about discrimination and retaliation after her termination, but does not provide the substance of the complaint. Nevertheless, Flores cannot establish a causal connection between a complaint she made after her termination and her termination. *See Johnson v. Nordstrom, Inc.*, 260 F.3d 727, 732 (7th Cir. 2001)("To prove a causal link, the plaintiff is required to show that the employer would not have taken the adverse action 'but for' the plaintiff's engagement in the protected activity").

Based on the foregoing, Flores has not presented any evidence that she engaged in protected activity that led to her termination. Flores' claim that Perry threatened discharge every time she complained is irrelevant without a complaint covered by Title VII. Indeed, federal courts "do not sit as a super-personnel department that reexamines an entity's business decisions." *Roger v. Yellow Freight Systems, Inc.*, 21 F.3d 146, 151 (7th Cir. 1994). "No matter how medieval a firm's practices, no matter how high-handed its decisional process, no matter how mistaken the firm's managers [the prohibition against retaliatory discharge does] not interfere." *Id.* at 151-52. Without any evidence linking her discharge with activity protected by Title VII, Flores' retaliation claim fails as a matter of law.

## CONCLUSION

Advocate is entitled to judgment as a matter of law on all claims advanced by Flores.

February 14, 2002

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge